UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
October 21, 2005

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| v. | ) | 7:00-CR-012-R |
| | ) | |
| EUCIBIO SOTO VALDEZ, | ) | (Civil No. 7:03-CV-069-R) |
| Movant. | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is a motion to vacate, set aside or correct the sentence filed pursuant to 28 U.S.C. § 2255. Valdez was charged with drug related offenses in the two-count indictment filed in this case. In Count 1, he was charged with conspiracy to distribute and to possess with intent to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. In Count 2, he was charged with possession with intent to distribute in excess of 100 kilograms of marijuana and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. Valdez entered a plea of guilty and was thereafter found guilty. He was sentenced to 135 months confinement to be followed by a five-year term of supervised release. Valdez did not file a direct appeal.

In support of the instant motion, Valdez presents the following grounds for relief:

1.    Ineffective assistance of counsel during the plea proceedings;

2.    Ineffective assistance of counsel during the sentencing proceeding;

3.    The District Court erroneously enhanced his sentence by two levels, and;

4.    The District Court made findings of fact that increased his offense level in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

*Motion to Vacate ¶¶ 12.A-C; Valdez' Motion to Supplement and Expand the Record pp. 4-5.*

Respondent argues that Valdez' grounds for relief are without merit and that he waived his right to

seek § 2255 relief in his plea agreement.

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of a federal court may

file a motion to vacate, set aside or correct the sentence in the court which imposed the sentence.

The statute states four grounds upon which such relief may be claimed:

1.      that the sentence was imposed in violation of the Constitution or laws of the United
        States;

2.      that the court was without jurisdiction to impose such sentence;

3.      that the sentence was in excess of the maximum authorized by law, and;

4.      that the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470 (1962).   Section 2255 does not

mandate habeas relief to all who suffer trial errors.  *United States v. Capua*, 656 F.2d 1033, 1037

(5th Cir. Unit A 1981).  It is limited to grounds of constitutional or jurisdictional magnitude, *Limon-*

*Gonzalez v. United States*, 499 F.2d 936, 937 (5th Cir. 1974), and for the narrow spectrum of other

injury which "could not have been raised on direct appeal and, would, if condoned, result in a

complete miscarriage of justice."  *Capua*, 656 F.2d at 1037.

When, as in the case at bar, a criminal defendant pleads guilty, he has entered more than a

mere confession; a guilty plea is an admission that the defendant committed the charged offense.

*North Carolina v. Alford*, 400 U.S. 25, 32, 91 S.Ct. 160, 164 (1970); *Taylor v. Whitley*, 933 F.2d

325, 327 (5th Cir. 1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678 (1992).  Once a criminal

defendant has entered a plea of guilty, all nonjurisdictional defects in the proceedings are waived

except claims of ineffective assistance of counsel relating to the voluntariness of the guilty plea. *E.g., Mabry v. Johnson*, 467 U.S. 504, 508-09, 104 S.Ct. 2543, 2546-47 (1984); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S.Ct. 1685 (1984); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982).

A criminal defendant can waive his right to seek post-conviction relief as part of a plea agreement. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The waiver must have been informed and voluntary which requires that the defendant knew that he had a right to seek post-conviction relief and that he was giving up that right. *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir.), *cert. denied*, 513 U.S. 893, 115 S.Ct. 244 (1994). Where the record clearly reveals that a defendant understood the terms of his plea agreement and that he raised no question regarding the waiver of post-conviction relief, the defendant is bound by the terms of the agreement. *Wilkes*, 20 F.3d at 653; *Portillo*, 18 F.3d at 293.

> The waiver set forth in Valdez' plea agreement states:
>
> The defendant hereby expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.
>
> However, the defendant reserves the right to appeal the following: a) any punishment imposed in excess of a statutory maximum, b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court and c) arithmetic errors in the guidelines calculations; and d) a claim of ineffective assistance of counsel.

*Plea Agreement at p.5.* Because Valdez reserved the right to bring claims of ineffective assistance of counsel, the Court will review his first two grounds for relief on the merits.

Valdez claims that he was denied effective assistance of counsel during his plea proceedings. He states that he knowingly entered a plea of guilty to Count 1 of the indictment, but that counsel failed to inform him that he was pleading guilty to Count 2 and failed to inform him that he was waiving his right to seek collateral relief under 28 U.S.C. § 2255. *Motion to Vacate ¶¶ 12.A.*

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). When a convicted defendant seeks relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694, 104 S.Ct. at 2064-66 & 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To satisfy the prejudice prong of the *Strickland* test in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986). It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. at 59-

61, 106 S.Ct. at 371; *Bridge v. Lynaugh*, 838 F.2d at 773.  A court reviewing an ineffectiveness claim need not consider the two inquires under *Strickland* in any particular order since a failure to establish either requirement necessarily defeats the claim.  *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033, 111 S.Ct. 694 (1991).

The record in this case reflects that the plea agreement, which Valdez agreed to and signed, clearly states that he agreed to plea guilty to both Counts 1 & 2 of the indictment.  The agreement further states that he waived his right to appeal and his right to seek post-conviction relief including a proceeding under 28 U.S.C. § 2255.  At his rearraignment, Valdez' constitutional right were explained to him in detail. *Transcript of Rearraignment pp. 3-5.*  Valdez stated under oath that he understood his rights as explained by the Court. *Id. at p. 4-5.*  He testified that he was pleading guilty to Counts 1 & 2 of the indictment and he admitted to committing the offenses as charged. *Id. at pp. 10-11.*  He further stated that there was no coercion and that there were no promises, assurances or threats causing him to plead guilty and that he voluntarily entered into the plea agreement. *Id. at pp. 12-13.*  Valdez testified that he understood the terms of the plea agreement and that, among other provisions, he was waiving his right to appeal. *Id. at pp. 13-16.*

"Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629 (1977).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Id*.  When a § 2255 movant's factual allegations are refuted by his own testimony given under oath during his plea proceeding, he is not entitled to be heard on the new factual allegations absent corroborating evidence such as the affidavit of a reliable

third person. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985); *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979). "This result is necessitated by the interest of finality in the criminal process." *Sanderson*, 595 F.2d at 1022. Valdez' allegations that counsel failed to inform him that he was pleading guilty to Count 2 and that counsel failed to inform him that he was waiving his right to seek collateral relief are simply without merit. He has provided no evidence to corroborate his claims which, in the face of the record, are wholly incredible. Valdez has not shown that counsel's performance was deficient or that he was in any way prejudiced by counsel's performance.

Next, Valdez claims that he was denied effective assistance of counsel at sentencing because his attorney failed to argue against a two-level sentence enhancement imposed pursuant to USSG § 3B1.1(c) upon the Court's finding that Valdez was a "recruiter." *Motion to Vacate ¶ 12.B.* Review of the Court's file reflects that an *Addendum to the Presentence Report* was submitted to the Court. In the Addendum, Valdez' objections to the enhancement were set forth as follows:

> The defendant objects to receiving a 2 level increase for his role in the offense. The defendant maintains that he did not recruit anyone during the course of this offense. The defendant maintains that he was a minimal or minor participant in the offense as he did not get involved in the organization until "it was fully underway."

The government responded to the objection as follows:

> The probation officer disagrees with the defendant's objection. The defendant was involved in at least seven trips and recruited Maria Rosario DeLaCruz in taking trips to help transport the drugs. In accordance with USSG § 3B1.1, comment. (n.4), factors that the Court should consider, in part, is (sic) the recruitment of accomplices. The defendant recruited one of the codefendants which subjects him to an increase for his role in the offense.

During the sentencing hearing, Valdez' attorney elicited testimony from him that he did not recruit DeLaCruz into the organization and that he had only a minor role in the organization. *Appendix to*

*Response in Opposition to Motion Under 28 U.S.C. § 2255 pp. 25-27 (hereinafter "Appendix at*

*p.___").* The government cross-examined Valdez with regard to his recruitment of DeLaCruz and

elicited testimony from a government agent, Jerry Nau, regarding the recruitment of DeLaCruz.

*Appendix at pp. 31-32 & 42-44.* After hearing and considering the testimony, the Court overruled

the objection and found that the two-level enhancement under USSG 3B1.1(c) was appropriate. *Id.*

*at pp. 54-55.* Thus, it is readily apparent that counsel for Valdez made the objection and presented

evidence in open court in an effort to avoid the two-level enhancement. Valdez has not shown that

counsel's performance fell below an objective standard of reasonableness and he makes no claim

that, but for counsel's alleged ineffectiveness, he would not have pleaded guilty and would have

insisted on going to trial. The fact that the evidence proffered by counsel did not sway the Court's

opinion does not render counsel's performance deficient. Valdez is not entitled to relief on this

ground.

   In his third ground for relief, Valdez argues that the District Court erroneously enhanced his

sentence by two levels under USSG 3B1.1 because he is actually innocent of being a recruiter.

Pursuant to the plea agreement entered in this case, Valdez waived his right to bring this ground for

relief in a proceeding under 28 U.S.C. § 2255. The record in this case reflects that Valdez clearly

understood the terms of his plea agreement and he raised no question regarding the waiver of post-

conviction relief. Thus, he is bound by the terms of the agreement. *See Wilkes*, 20 F.3d at 653;

*Portillo*, 18 F.3d at 293. Moreover, even if he had not waived his right to seek collateral relief, this

ground for relief would have to be raised on direct appeal. "Misapplications of the Sentencing

Guidelines ... are not cognizable in § 2255 motions." *U.S. v. Williamson*, 183 F.3d 458, 462 (5th

Cir. 1999).

Finally, in his *Motion to Supplement and Expand the Record*, Valdez argues that the District

Court made findings of fact that increased his offense level in violation of *Blakely v. Washington*,

542 U.S. 296 (2004).  Again, Valdez waived his right to seek collateral relief.  Even assuming

*arguendo* that he had not waived this right, he could not prevail on this ground for relief.  Liberally

construing the *Blakely* argument as a claim for relief under the Supreme Court's intervening

decision, *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), which extended the *Blakely*

decision to federal sentencing, Valdez is not entitled to relief.  *Booker* does not apply retroactively

to cases on collateral review.[1]

IT IS THEREFORE ORDERED that the § 2255 motion is hereby DENIED.

SO ORDERED this 20th day of October, 2005.

JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., Guzman v. United States*, 404 F.3d 139, 144 (2d. Cir. 2005) (holding that *Booker* is not retroactive and does not apply to judgments that became final before Jan. 12, 2005); *Lloyd v. United States*, 407 F.3d 608, 614 (3d. Cir. 2005) (holding that *Booker* does not apply retroactively to cases on collateral review), *cert denied*, ___S.Ct ___, 2005 WL 1957321 (October 5, 2005) (No. 05-5769); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (holding that *Booker* does not apply to initial motions brought pursuant to 28 U.S.C. § 2255), *petition for cert. filed*, (May 31, 2005) (No. 04-10694); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005) (holding that *Booker* does not apply retroactively to cases already final on direct review), *cert denied*, ___S.Ct.___, 2005 WL 1671557 (October 3, 2005) (No. 05-5130); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."), *cert. denied*, ___S.Ct.___, 2005 WL 2085299 (October 3, 2005) (No. 05-6041); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude ... that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005."), *cert. denied*, ___U.S.___, 125 S.Ct. 2559 (2005).